IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MIGUEL A. DORANTES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-22-50-D |
| | ) |
| SGT. NYE, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court for review of the Report and Recommendation (Report) [Doc. No. 7] issued by United States Magistrate Judge Shon T. Erwin pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Petitioner has objected [Doc. No. 8] to the Report, which recommends dismissing a number of Plaintiff's claims. Accordingly, the Court must make a *de novo* determination of those portions of the Report to which a specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff Miguel Dorantes, a federal prisoner, brought this civil rights action against several officials working at the Grady County Jail. He does not oppose Judge Erwin's summary of his allegations; therefore, the Court accepts this portion of the Report.[1] Plaintiff alleges that while he was detained at the Grady County Jail, he was involved in a physical altercation with another inmate. Report [Doc. No. 7] at p.3. When the fight started, corrections officers shut a door, trapping Plaintiff in a room with the other inmate.

---

[1] Petitioner has waived further review of all issues as to which no specific objection is made. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

*Id.* at p.4. Plaintiff claims officers then opened the door and shot him in the face with rubber bullets. *Id.* When he went to receive medical care for his injuries, Plaintiff alleges medical staff treated his wound with glue. *Id.* The only statement in Plaintiff's Complaint concerning Defendant Mangus is: "LT Mangus knowingly, I reach out for help to get medical attention to my condition." Complaint [Doc. No. 1] at p. 10. Plaintiff did not request any form of relief against Defendant Mangus.

Judge Erwin recommends that the Court dismiss all claims against all Defendants for failure to state a claim except for: (1) an Eighth Amendment claim for excessive force against Defendant Sgt. Nye in his individual capacity and (2) an Eighth Amendment claim for denial of medical care against Defendant April Beard. Report [Doc. No. 7] at pp. 14–15. Although Judge Erwin recommended that the Court dismiss most of Plaintiffs claims without prejudice, he did recommend the Court dismiss all claims against Defendant Mangus with prejudice. *Id.* at p.5.

Plaintiff concedes that the allegations in his Complaint are defective, and he does not oppose any of Judge Erwin's recommendations that the Court dismiss his claims. Objection [Doc. No. 8] at p.2. But Plaintiff does oppose the recommendation that his claims against Defendant Mangus be dismissed with prejudice; he argues they should be dismissed without prejudice.

Judge Erwin recommends that the claims against Defendant Mangus be dismissed because Plaintiff has failed "'to inform the defendant[] of the actual grounds of the claim against [him].'" *Id.* at p.5 (quoting *Robbins v. Oklahoma*, 519 F.3d 1242 (10th Cir. 2008). "A dismissal with prejudice is appropriate where a complaint fails to state a claim under

[Fed. R. Civ. P.] 12(b)(6) and granting leave to amend would be futile." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) (citation omitted); *Curley v. Perry*, 246 F.3d 1278, 1282–83 (10th Cir. 2001) (noting that "the standard for dismissal for failure to state a claim is essentially the same under" § 1915(e)(2)(B)(ii) and Rule 12(b)(6)). On the record before the Court, it is unclear whether an amendment would be futile. Therefore, the Court finds that the claims against Defendant Mangus should be dismissed without prejudice.

## CONCLUSION

Upon a *de novo* review of the issues presented, the Court finds that, except for his two Eighth Amendment claims identified above, Plaintiffs' claims should be dismissed without prejudice for failure to state a claim for which relief may be granted. Accordingly, Judge Erwin's Report and Recommendation [Doc. No. 6] is **ADOPTED** in part, as set forth herein.

**IT IS SO ORDERED** this 12th day of April, 2022.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge