## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

MIGUEL A. DORANTES,　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　)
　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　)　　　Case No. CIV-22-50-D
　　　　　　　　　　　　　　　　)
SGT. DAVID NYE, *et al.*,　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　Defendants.　　　　　　　)

## ORDER

Before the Court is a Report and Recommendation [Doc. No. 48] issued by United States Magistrate Judge Shon T. Erwin pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Judge Erwin recommends that the Court dismiss Plaintiff Miguel A. Dorantes's individual capacity claims against Defendants Lane Cade, David Nye, and Hunter Malone, as well as Plaintiff's claim against Turn Key Health Clinics LLC ("Turn Key"), without prejudice. In addition, Judge Erwin suggests that the Court dismiss Plaintiff's official capacity claims against Defendants Cade, Nye, Malone, Misty Tucker, Dustin Whitaker, Bailey Gamble, and Kevin Mangus with prejudice.[1] Finally, Judge Erwin recommends that the Court conclude Plaintiff has stated claims under the Eighth Amendment for the denial of medical care, brought against Defendants Tucker, Whitaker, Gamble, Mangus, Wilson, Wood, and Solomon, in their individual capacities, limited to the recovery of monetary damages.

---

[1] Although Plaintiff's second amended complaint does not specify, to the extent Plaintiff asserts official capacity claims against Defendants Nikki Wilson, Stephen Wood, and Samantha Solomon, Judge Erwin recommends those claims be dismissed with prejudice.

Plaintiff timely filed an objection. *See* [Doc. No. 49]. Thus, the Court must conduct a *de novo* review of the issues specifically raised by the objection, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Specifically, Plaintiff "objects to the Report and Recommendation to the extent it concludes that [his] individual capacity claims against Defendants Cade, Nye and Malone be dismissed." Pl.'s Obj. at 1. He further "objects to the Report and Recommendation's conclusion that his claim against Turn Key Health be dismissed." *Id.* The Court has conducted a *de novo* review of the issues at hand and, for the reasons that follow, finds that Plaintiff's objections should be overruled. The Report and Recommendation [Doc. No. 48] is **ADOPTED** in its entirety.

### *Discussion*

Plaintiff, a federal inmate, filed a complaint stemming from a brawl which allegedly occurred while he was housed at the Grady County Jail. After learning Plaintiff and a member of a rival gang were engaged in the brawl, Defendants Nye and Malone[2] responded to the scene. When they arrived, Defendant Nye allegedly "[s]hot [Plaintiff] in the head twice with hard rubber bullets . . . [which] caused [Plaintiff's] head to split and bleed and delivered a significant concussive shock, which caused [Plaintiff] to momentarily lose consciousness and inflicted lasting neurological damage." Sec. Am. Compl. [Doc. No. 47], ¶¶ 7-8. Plaintiff claims that he received inadequate medical attention thereafter.

---

[2] At the time, Defendants Nye and Malone were employed as Grady County Detention Officers.

I.      **Defendant Cade**

Defendant Cade assigned Plaintiff to a housing unit containing rival gang members, which allegedly caused the altercation. Judge Erwin recommends dismissal of Plaintiff's failure to protect claim, brought against Defendant Cade in his individual capacity, because the claim "fails on the element of causation." R. & R. at 6. Judge Erwin notes that, although Defendant Cade assigned Plaintiff to a housing unit containing rival gang members, the injury which forms the basis for Plaintiff's complaint does not stem from the rival gang member attack. Rather, Plaintiff's injury resulted from the rubber bullets allegedly fired by Defendant Nye. Accordingly, Judge Erwin recommends that the Court "conclude that Defendant Nye's actions in firing the rubber bullets (which Plaintiff blames for his injuries) constitute an unforeseeable intervening act/superseding cause . . . preclude[ing] Defendant Cade's liability." R. & R. at 8.

In his objection, Plaintiff argues that the Court should reject Judge Erwin's recommendation because his injury was foreseeable to Defendant Cade. He claims that "a fight was inevitable" based on Defendant Cade's decision to assign Plaintiff to a housing unit with rival gang members, and that it was thus "foreseeable that [he] would be injured by staff in the course of breaking up the fight." Pl.'s Obj. at 1-2.

As Judge Erwin points out, Section 1983 "should be read against the background of tort liability that makes a man responsible for the natural consequences of his actions." *Martinez v. Carson*, 697 F.3d 1252, 1255 (10th Cir. 2012). Accordingly, a defendant is "liable for the harm proximately caused by their conduct." *Id.* Judge Erwin recommends that the Court dismiss Plaintiff's claim against Defendant Cade because "Plaintiff's

ultimate injury and the basis for his [complaint] stems not from the rival gang member attack, but instead by rubber bullets allegedly fired by Defendant Nye." R. & R. at 8.

The Court agrees with Judge Erwin's conclusion that the firing of the rubber bullets, which Plaintiff blames for his injury, constitutes an intervening act precluding the imposition of liability on Defendant Cade. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 2006) (noting that, in civil rights cases, an individual's conduct is not the proximate cause of an alleged injury "if another act intervened and superseded the [individual's] liability for subsequent events"). Accordingly, the Court finds that Plaintiff's objection should be overruled. Plaintiff's individual capacity claim against Defendant Cade is dismissed without prejudice.

## II.   Defendant Nye

Next, the Court addresses Plaintiff's claim against Defendant Nye for excessive force in violation of the Eighth Amendment. As noted, Defendant Nye was one of two officers who responded to the altercation between Plaintiff and the rival gang member. In an effort to discontinue the conflict, Defendant Nye allegedly discharged rubber bullets, which struck Plaintiff in the head and resulted in injury.

"Ordinarily, an excessive force claim involves two prongs: (1) an objective prong that asks if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation, and (2) a subjective prong under which the plaintiff must show that the officials acted with a sufficiently culpable state of mind." *Smith v. Cochran*, 339 F.3d 1205, 1212 (10th Cir. 2003) (internal quotation omitted).

The Court agrees with Judge Erwin's conclusion that Plaintiff's allegations "sufficiently allege the objective component of an Eighth Amendment excessive force claim." R. & R. at 10. Nonetheless, Judge Erwin recommends dismissal of the claim because Plaintiff failed to allege that Defendant Nye acted with the requisite state of mind. Specifically, Judge Erwin concludes that Defendant Nye "used reasonable force to maintain or restore discipline." R. & R. at 11 (citing *Green v. Corr. Corp. of Am.*, 401 F. App'x 371, 376 (10th Cir. 2010)).

In his objection, Plaintiff argues that "whether Defendant Nye's use of force was reasonable is a matter that should be decided by the fact finder." Pl.'s Obj. at 2. He asserts that the fight had "wound up," and that he was not given an "opportunity to peaceably desist from the fight." *Id.* He also claims that Defendant Nye had "lesser measures" at his disposal. *Id.*

The Court agrees that Plaintiff's complaint does not adequately allege that Defendant Nye acted with a "sufficiently culpable state of mind." *Smith*, 339 F.3d at 1212. It is apparent Defendant Nye used the rubber bullets "in a good faith effort to restore discipline," rather than "maliciously and sadistically for the very purpose of causing harm." *Id.* Indeed, at the time Defendant Nye arrived, Plaintiff was still actively engaged in the altercation, which caused Defendant Nye to use some degree of force. *See* Sec. Am. Compl., ¶ 7. Plaintiff's objection with respect to Defendant Nye is overruled, and his individual capacity claim against Defendant Nye is dismissed without prejudice. *See Green*, 401 F. App'x at 376 (finding that a prison official's use of pepper spray to subdue

the prisoner-plaintiff during an altercation with another prisoner did not amount to an excessive force claim).

## III.   Defendant Malone

Plaintiff argues that Defendant Malone's failure to intervene and prevent Defendant Nye's use of force subjects him to liability under the Eighth Amendment. As Judge Erwin notes, "to prevail on a failure-to-intervene claim, a plaintiff must establish the existence of an underlying excessive force violation." R. & R. at 12 (citing *Stevenson v. City of Albuquerque*, 446 F.Supp.3d 806, 878 (D.N.M. 2020)). For the reasons discussed above, no viable excessive force claim against Defendant Nye exists. Thus, Plaintiff's individual capacity claim against Defendant Malone must also be dismissed without prejudice.

## IV.   Defendant Turn Key

Finally, the Court addresses Plaintiff's allegations against Defendant Turn Key.[3] In his complaint, Plaintiff asserts that Turn Key "fails to make professionally reasonable health care available to inmates at Grady County." Sec. Am. Compl., ¶ 41. He alleges that Turn Key's "policy is to get federal transferees out of their care and into the hands of the Federal Bureau of Prisons" which prevents inmates from receiving adequate health care. *Id.* Plaintiff also argues that, "[i]n an effort to minimize costs and maximize profits, Turn Key fails to make professionally reasonable medical care available to inmates at Grady County Jail. . . . Had Turn Key's policies and practices allowed a qualified provider to treat [Plaintiff], then [Plaintiff] could have managed the healing process without experiencing

---

[3] Turn Key is a private company which contracted to provide medical services to inmates at the Grady County Jail.

excruciating pain and could have sought interventions to prevent lasting damage from the injury." *Id.*, ¶ 29.

As recognized by Judge Erwin, a municipality is "included among those persons to whom § 1983 applies," but it can only be held liable if it has an "official municipal policy of some nature" that "'causes' an employee to violate another's constitutional rights." *Monell v. Dep't of Soc. Servs. of N. Y.*, 436 U.S. 658, 690-92 (1978) (citing 42 U.S.C. § 1983); R. & R. at 15. This doctrine applies equally to private entities acting under the color of state law, such as medical contractors. *See Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 n.13 (10th Cir. 2003).

To state a *Monell* claim against a municipal entity under Section 1983, a plaintiff must allege facts showing "(1) an official policy or custom, (2) causation, and (3) deliberate indifference." *Lucas v. Turn Key Health Clinics, LLC*, 58 F.4th 1127, 1145 (10th Cir. 2023). Each of the following may constitute an official policy:

> (1) a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused.

*Id.*

Despite Plaintiff's allegation that Turn Key's "policy is to get federal transferees out of their care and into the hands of the Federal Bureau of Prisons," and "maximize

profits" by "fail[ing] to make professionally reasonable medical care available to inmates at Grady County Jail," the Court agrees with Judge Erwin's conclusion that Plaintiff has failed to state a policy or custom with the requisite specificity to state a claim against Turn Key. Sec. Am. Compl., ¶ 29, 41. Indeed, *Lucas* is instructive here. *See Lucas v. Turn Key Health Clinics, LLC*, 58 F.4th 1127 (10th Cir. 2023). In *Lucas*, Turn Key was also named as a defendant. The plaintiff alleged that Turn Key "enacted policies and customs designed to keep jail costs low and profit margins high," which caused "the jail to avoid off-site medical costs and to under-prescribe and under-administer medications." *Id.* at 1145. The Tenth Circuit held that "the cost-cutting policy allegations lack[ed] specific facts," which prevented it from inferring "a policy or custom of cost-cutting." *Id.* It noted that, to the extent Turn Key's service contract "reveal[ed] a financial incentive, it is no more troublesome than any institution's general desire to maintain low costs to the extent reasonably possible." *Id.*

Plaintiff's allegations are similarly conclusory. Because his complaint is devoid of any specific facts from which the Court can infer a specific policy or custom of cost-cutting, Plaintiff's claim against Turn Key must be dismissed without prejudice. *See Lucas*, 58 F.4th at 1145; *see also Sherman v. Klenke*, 653 F. App'x 580, 593 (10th Cir. 2016) (finding a plaintiff's allegation that a prison's contracted medical provider employed a policy of "reduc[ing] overall expenses and maximiz[ing] bonuses with each fiscal period" insufficient to state a claim); *Woodson v. Armor Correctional Health Servs., Inc.*, No. 20-CV-186-RM-KMT, 2021 WL 1050009, at *4 (D. Colo. Mar. 19, 2021) (concluding that a plaintiff's allegations of "a well-documented and widely-publicized pattern and practice"

of providing inadequate medical care were insufficient to support a municipal liability claim); *Allen v. Geo Grp., Inc.*, No. 20-CV-179-MEH, 2020 WL 5500454, at *3-4 (D. Colo. Sept. 11, 2020) (holding that a plaintiff failed to state a claim despite allegation that it was "[d]efendants' policy, custom, or practice to make inmates suffer by not providing adequate medical care . . . [and] to deny medical care even when objective signs and symptoms warranted additional care").

### *Conclusion*

The Court, having conducted a *de novo* review after assessing the entirety of the Report and Recommendation and the case record, finds that Plaintiff's Objections [Doc. No. 49] should be overruled. The Report and Recommendation [Doc. No. 48] is **ADOPTED** in its entirety.

**IT IS THEREFORE ORDERED** that Plaintiff's individual capacity claims against Defendants Cade, Nye, and Malone are **DISMISSED WITHOUT PREJUDICE.** Plaintiff's claim against Turn Key Health Clinics LLC is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff's official capacity claims against Defendants Cade, Nye, Malone, Tucker, Whitaker, Gamble, and Mangus are **DISMISSED WITH PREJUDICE**.[4] Plaintiff may proceed with his claims against Defendants Tucker,

---

[4] "Section 1983 plaintiffs may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive relief." *Brown v. Montoya*, 662 F.3d 1152, 1161 n.5 (10th Cir. 2011). Because Plaintiff only seeks monetary damages, his official capacity claims must be dismissed with prejudice.

Whitaker, Gamble, Mangus, Wilson, Wood, and Solomon in their individual capacities, limited to the recovery of monetary damages.[5]

      **IT IS SO ORDERED** this 10th day of May, 2023.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[5] Although Plaintiff does not specify whether he is suing Defendants Wilson, Wood, and Solomon in their official or individual capacities, he seeks relief in the form of monetary damages only. Accordingly, to the extent Plaintiff's asserts official capacity claims against Defendants Wilson, Wood, and Solomon, those claims are dismissed with prejudice.