IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MIGUEL A. DORANTES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: CIV-22-50-D |
| SGT. FNU NYE, et al., | ) ) ) |
| Defendant. | ) ) |

DECLARATION OF STEPHEN WOOD, RN

I, Stephen Wood, RN, being of legal age and duly sworn under penalty of perjury pursuant to 28 U.S.C. § 1746, attest and state as follows:

1. I am a registered nurse licensed to practice in the State of Oklahoma. The statements contained in this Declaration are based on my personal knowledge and education, training, and experience.

2. At times relevant to Mr. Dorantes' lawsuit, I was employed by Turn Key Health Clinics, LLC as the Health Services Administrator at the Grady County Jail located in Chickasha, Oklahoma.

3. Turn Key Health Clinics contracts with the Grady County Criminal Justice Authority to provide health care and administrative services at the Grady County Jail, and Turn Key is responsible for the policies, procedures, and practices related to the delivery of healthcare services at the Grady County Jail.

4. Inmates who are housed in the Grady County Jail who believe they require health services can, at any time, make a verbal request for care and/or complete a Sick Call

1

**EXHIBIT 3**

Request Form and give it to any Grady County Jail or Turn Key staff member who will then forward it to medical staff to arrange for an appointment. Those inmates will then be seen by medical staff within a reasonable period of time.

5. Consistent with its contract with the Grady County Criminal Justice Authority, Turn Key provides medical staffing administration at the Grady County Jail, which includes care for off-site health services deemed medically necessary by Turn Key medical professionals and pharmaceuticals.

6. Although there is a cap on the amount that Turn Key pays in off-site medical bills and pharmaceuticals, Turn Key medical professionals do not make medical decisions based on the cost of medically necessary care, nor do they refuse to provide medically necessary care to any inmate based on the cost. That is, all inmates receive medical services within the standard of care, regardless of how much it costs or who is financially responsible for payment. In Mr. Dorantes' situation as a federal inmate, FBOP would be the payor for all of Mr. Dorantes' medical care, not Turn Key or the Grady County Jail.

7. I am personally familiar with Mr. Dorantes and was involved in his care and treatment during his September to November 2021 incarceration at the Grady County Jail.

8. Turn Key tested all FBOP inmates coming into and departing from the Grady County Jail in 2021, when Mr. Dorantes was incarcerated at the Jail. When Mr. Dorantes was preparing for departure to another facility on September 21, 2021, he tested positive for Covid-19.

9. Because Mr. Dorantes tested positive for Covid-19, he was quarantined for 10 days in isolation away from other inmates to prevent further spread of Covid-19 within

the jail. This practice was consistent with Turn Key and Jail policy, which were based on CDC and local health department guidance.

10. Mr. Dorantes was released from his Covid isolation on October 1, 2021. That day, I personally assessed Mr. Dorantes and observed that he had stable vital signs, no fever, and no Covid-19 symptoms. Based on these findings, I cleared him from a medical standpoint to return to General Population.

11. Mr. Dorantes was involved in an altercation on or about October 7, 2021, during which he suffered a forehead laceration. The medical records show that he was immediately assessed by Nurse Nikki Wilson, and Nurse Wilson cleaned his wound, did a neurological assessment that was reassuring for no concussion or deficits, and she closed the open wound using Dermabond.

12. Dermabond is a medical, topical skin adhesive used as an alternative to stitches, sutures, or adhesive strips, and it was appropriate and within the standard of care to use Dermabond to close Mr. Dorantes' laceration on his forehead.

13. Mr. Dorantes was also medically cleared for travel by the provider, Malachi Martin, APRN. Therefore, he was sent out for a departing flight with the FTC to go to another facility on the morning of October 8, 2021. Mr. Dorantes was medically stable when he departed the Grady County Jail.

14. The Marshalls refused Mr. Dorantes for travel due to his head wound, and he returned to Grady County Jail several hours later.

15. I personally assessed Mr. Dorantes when he returned to the Grady County Jail on October 8, 2021, and I observed that Mr. Dorantes had smeared the residual blood

3
EXHIBIT 3

on his forehead wound all over his face, in what appeared to me to be an attempt to make his wound appear worse.

16. I assessed Mr. Dorantes' wound at that time, and I observed that it was healing well and was still closed with the Dermabond. After assessing the wound and determining that it was healing well and not actively bleeding, I handed Mr. Dorantes a washcloth, and Mr. Dorantes cleaned the blood that he had smeared on his face.

17. During this encounter, Mr. Dorantes did not make any complaints related to headaches or difficulty sleeping to me. Instead, Mr. Dorantes stated to me that he was being "abused," and I advised him that he was receiving appropriate medical treatment for his wound. I also instructed Mr. Dorantes to leave his wound alone, as it was almost healed and his touching the wound could inhibit the healing process.

18. I personally assessed Mr. Dorantes again about a week later, on October 15, 2021, during Sick Call in response to a medical request submitted by Mr. Dorantes. At that time, Mr. Dorantes' head wound appeared unremarkable, was almost completely healed, and had no signs or symptoms of dehiscence (where the wound re-opens) or infection.

19. I cleansed Mr. Dorantes' wound during this Sick Call visit. The wound was not bleeding and did not require Band-Aids or anything to be placed on top of it. I also observed that the Dermabond was close to being sloughed off, which is an intended and expected finding within 5-10 days of Dermabond being applied. All of these were reassuring findings that Mr. Dorantes was doing well from a medical standpoint.

20. During this second appointment with Mr. Dorantes, he did not make any complaints to me related to headaches or difficulty sleeping, and he looked medically

healthy from my observations. I also gave him Tylenol for any pain he might have associated with the wound.

21.   To my knowledge, Mr. Dorantes did not make any further medical requests to any Turn Key or Jail personnel.

22.   From my review of Mr. Dorantes' Amended Complaint, I believe the Turn Key medical personnel he has identified are Tozhia Possimato ("Defendant Moss"), Samantha Solomon ("Defendant Sam"), and Kayla Wilson ("Defendant Kayla"), as well as April Beard.

23.   From my review of his medical records, April Beard's only involvement in Mr. Dorantes' care appears to be that she performed his Covid-19 test before he was transferred out of Grady County Jail on November 1, 2021. Samantha Solomon and Tozhia Possimato do not appear to have had any involvement in Mr. Dorantes' medical care during his incarceration at the Jail. Kayla Wilson is a med-passer and would only have been involved in Mr. Dorantes' healthcare by administering his prescribed medication to him.

24.   Neither I nor any other Turn Key medical personnel ever ignored Mr. Dorantes' medical conditions or complaints at any time.

25.   I never denied or delayed Mr. Dorantes' access to medical care.

26.   I have never observed Turn Key or jail employees to deny or delay Mr. Dorantes' access to medical care.

27.   In my professional nursing opinion, the care and treatment Mr. Dorantes received by Turn Key medical staff during his incarceration at the Jail was appropriate, , within the standard of care, was not indifferent to his medical needs, and did not cause him

any injury.

I understand the statements in this Declaration are given under the penalty of perjury. All the foregoing statements are true and correct to the best of my personal knowledge. Pursuant to 28 U.S.C. § 1746, I declare, under penalty of perjury under the laws of the United States of America, the foregoing is true and correct.

DATED this 28th day of November, 2022.

Stephen Wood, RN, HSA
Health Services Administrator for the
Grady County Jail
Turn Key Health Clinics, LLC

**EXHIBIT 3**